IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY LEE HIGHTOWER, JR., § | | |
| TDCJ No. 1038986, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:23-cv-440-E-BN | |
| § | | |
| THE STATE OF TEXAS, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Tommy Lee Hightower, Jr., a Texas prisoner, "was convicted of murder, enhanced by a prior felony conviction" in a Dallas County state court and "was sentenced to fifty years imprisonment"; this conviction and sentence were affirmed on direct appeal; the Texas Court of Criminal Appeals refused Hightower's petition for discretionary review and denied his state habeas petition; and his initial application for a writ of habeas corpus under 28 U.S.C. § 2254 was denied as time barred. *Hightower v. Quarterman*, No. 3:06-cv-456-N, 2007 WL 1435392 (N.D. Tex. May 16, 2007).

Hightower now returns to federal court to again challenge this state criminal judgment under Section 2254. *See* Dkt. No. 3. United States District Judge Ada Brown referred the federal habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction to consider the

successive petition, this action should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

The current Section 2254 petition is successive. Hightower previously exercised his "one fair opportunity to seek federal habeas relief from his conviction." *Banister*, 140 S. Ct. at 1702. And his current petition raises defects in the conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the attack was not" known to Hightower when he filed the initial Section 2254 action. *Leal Garcia*, 573 F.3d at 222; *see also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir.

2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))).

For example, in the current habeas petition, Hightower alleges constitutional defects in the state pretrial proceedings and the trial itself and asserts that he was denied effective assistance of counsel on direct appeal.

Because the current claims are successive, Hightower's failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the current Section 2254 application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

But, as this appears to be Hightower's first successive federal habeas petition as to this state conviction, the Court should cure this want of jurisdiction by transferring the habeas application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

**Recommendation**

The Court should transfer Petitioner Tommy Lee Hightower, Jr.'s successive

application for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 2, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE